United States District Court
Southern District of Texas
**ENTERED**
April 01, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANA JORDAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-01276 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM & ORDER**

Before the Court is Defendant's Motion for Summary Judgment. ECF No. 10. For the reasons that follow, the Court finds that the Motion should be **GRANTED IN PART** and **DENIED IN PART.**

I. BACKGROUND

This is a first-party insurance dispute between Plaintiff Jana Jordan and Defendant State Farm Lloyds ("State Farm"). Jordan alleges that State Farm undercompensated her for damage to her home following a storm. She brings claims for breach of contract, bad faith under the Texas Insurance Code, and violations of the Texas Prompt Payment of Claims Act ("TPPCA").

The Court previously granted the parties' Joint Motion to Abate so that they could conduct an appraisal. ECF No. 7. The appraisal was completed, and, in April 2023, State Farm paid the appraisal award of $25,098.13 without admitting liability. State Farm also paid Jordan $2,779.19, which it purports covers any potential interest it may owe under the TPPCA. ECF No. 10 at 10. The Court subsequently lifted the abatement. ECF No. 11.

State Farm has now filed a Motion for Summary Judgment, arguing that its payment of the appraisal award and its additional payment of the estimated statutory interest prevents Jordan from pursuing any of her claims. ECF No. 10. The Court previously stayed ruling on this Motion pending the Texas Supreme Court's decision in *Rodriguez v. Safeco Ins. Co. of Indiana*, No. 23-0534, 2024 WL 388142, at *1 (Tex. Feb. 2, 2024). As the opinion in *Rodriguez* has now been rendered, the Court finds that State Farm's Motion is ripe for adjudication.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment under Rule 56 "is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). A genuine issue as to a material fact arises "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all "reasonable inferences . . . in favor of the nonmoving party, but the nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

"[T]he movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which the movant bears the burden of proof at trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995). "For any matter on which the non-movant would bear the burden of proof at trial, however, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating

by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* at 718-19.

### III. ANALYSIS

Jordan brings claims for breach of contract, bad faith, and TPPCA violations. In her Response to the Motion, Jordan concedes that she is now unable to recover for breach of contract and bad faith because State Farm has paid the appraisal award. ECF No. 14 at 6; *see also Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806 (Tex. 2019); *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127 (Tex. 2019). The only issues remaining are whether Jordan can still recover statutory interest and attorney's fees under the TPPCA.

#### a. TPPCA Statutory Interest

The TPPCA permits plaintiffs to recover interest when an insurer withholds payments on a valid claim. TEX. INS. CODE § 542.060. The Texas Supreme Court has been clear that payment of an appraisal award does not extinguish an insured's ability to recover interest for delayed payment under the TPPCA. *See Barbara Techs. Corp.*, 589 S.W.3d at 818-19; *Ortiz*, 589 S.W.3d at 135. However, this case presents a slightly different situation from *Barbara Technologies* or *Ortiz*. In addition to the appraisal award, State Farm also sent Jordan a check for $2,779.19, purportedly to cover "any potential interest that could be owed" under the TPPCA. ECF No. 10 at 5.

The Court previously addressed this issue in *Martinez v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:19-CV-2975, 2020 WL 6887753 (S.D. Tex. Nov. 20, 2020) (Ellison, J.). Like here, the insurer in *Martinez* paid the appraisal award and an additional amount to cover possible interest owed under the TPPCA. The insurer then moved for summary judgment on all claims. The Court found that the insurer was not entitled to summary judgment on the plaintiff's TPPCA claim,

concluding that "[e]ven if Allstate had sent Martinez ten times her putative TPPCA damages, the Court would not be entitled to dismiss Martinez's TPPCA claim absent evidence of a mutual intent to settle that claim." *Martinez v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:19-CV-2975, 2020 WL 6887753, at *2 (S.D. Tex. Nov. 20, 2020); *see also Ahmad v. Allstate Fire & Cas. Ins. Co.*, No. 4:18-CV-4411, 2021 WL 2211799, at *4 (S.D. Tex. June 1, 2021) ("Because Allstate failed to provide uncontroverted evidence of mutual intent to resolve the TPPCA claim, Allstate's payment of the statutory interest does not constitute a settlement or conclusively establish that the TPPCA claim was resolved."); *Texas Fair Plan Ass'n v. Ahmed*, 654 S.W.3d 488, 494 (Tex. App. 2022) ("[W]hile advance payment of an appraisal award and statutory interest may entitle an insurer to an offset, it does not entitle the insurer to summary judgment on an insured's Prompt Payment Act claim."). The same reasoning applies here. While State Farm sent Jordan a payment for what it calculates it may owe in TPPCA interest, State Farm is not entitled to summary judgment absent evidence of Jordan's intent to accept that payment as a settlement of her TPPCA claim. *See Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87, 92 (Tex. 1973) ("A release of liability partakes of certain elements of contract, e.g., a mutual intent.").

Moreover, even if State Farm had the power to unilaterally settle Jordan's TPPCA claim by paying what it owes under the statute, which it does not, there is a question of fact as to what is owed under the statute. Generally, the interest rate is calculated by adding five percent to "the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation." Tex. Fin. Code § 304.003; Tex. Ins. Code § 542.060(c). The TPPCA requires that this rate be assessed "on the date of judgment." Tex. Ins. Code § 542.060(c). There has been no judgment yet in this case. Although State Farm urges the Court to find that interest can be calculated on the date that State Farm issued the appraisal payment, the Court cannot substitute

4

State Farm's preferred language for that voted on and passed by the legislature. *See Combs v. Roark Amusement & Vending, L.P.*, 422 S.W.3d 632, 635 (Tex. 2013) ("This voted-on language is what constitutes the law, and when a statute's words are unambiguous and yield but one interpretation, 'the judge's inquiry is at an end.'" (citation omitted)). Thus, a question of fact remains as to what the interest rate will be at the time of judgment. *See Barbara Techs.*, 589 S.W.3d at 818 (denying summary judgment on TPPCA claim in part because "there is no judgment determining that State Farm wrongfully rejected the claim"). Accordingly, State Farm is not entitled to summary judgment on Jordan's TPPCA interest claim.

### b. Attorney's Fees

Next, State Farm argues that it is not liable for attorney's fees under the TPPCA. Attorney's fees are pegged to "the amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy." Tex. Ins. Code § 542A.007(a)(3)(A).[1] State Farm argues that Jordan cannot recover attorney's fees because the payment of the appraisal award means that Jordan no longer has a claim under the insurance policy.

The Texas Supreme Court has recently made it clear that when the parties agree that an insurer has paid what is owed under the policy, section 542A.007 of the Insurance Code prohibits an award of attorney's fees. *See Rodriguez v. Safeco Ins. Co. of Indiana*, No. 23-0534, 2024 WL 388142, at *2 (Tex. Feb. 2, 2024); *see also Martinez*, 2020 WL 6887753, at *2 ("[I]f only attorney's fees were at issue, [the plaintiff's] claim would likely be mooted."). However, the outcome in *Rodriguez* followed from the fact that the plaintiff "[did] not dispute that Safeco has paid the full appraisal amount *plus interest*." *Rodriguez*, 2024 WL 388142, at *3 (emphasis added). Many of

---

[1] This statute provides three methods for calculating attorney's fees. *See* Tex. Ins. Code § 542A.007(a). Of those, that which yields the lowest fee award applies. *Id.* Because State Farm argues that Jordan is entitled to no attorney's fees under the method of calculation set out here, the other two are omitted from the Court's analysis.

the authorities State Farm relies on likewise involve instances where it is agreed that the insurer has paid all the TPPCA interest it might owe or where the court has found that the plaintiff has no claim under the TPPCA. *See, e.g.*, *Morakabian v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:21-CV-100-SDJ, 2023 WL 2712481, at *3 (E.D. Tex. Mar. 30, 2023) (finding that, unlike in *Martinez*, the plaintiff "does not object to the Report's conclusion that he was paid the maximum amount of statutorily permitted interest under the TPPCA"); *Arnold v. State Farm Lloyds*, No. CV H-22-3044, 2023 WL 2457523, at *5 (S.D. Tex. Mar. 10, 2023) (holding that the plaintiff could not obtain attorney's fees after finding for the insurer on the issue of TPPCA interest). That is the not the case here. As described above, Jordan does contest whether State Farm has paid the full amount of interest owed to her, and her TPPCA interest claim has yet to be adjudicated. Because Jordan may still recover interest under the TPPCA, Jordan may also be entitled to attorney's fees. State Farm is therefore not entitled to summary judgment on this issue.

## IV.    CONCLUSION

The Court finds that State Farm's Motion for Summary Judgment should be **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** with respect to Jordan's claims for breach of contract and bad faith. The Motion is **DENIED** with respect to Jordan's TPPCA claim for interest and attorney's fees.

The Court further **ORDERS** that within thirty (30) days of the entry of this Memorandum & Order the parties shall submit an agreed upon scheduling order to the Court.

**IT IS SO ORDERED.**

Signed at Houston, Texas on April 1, 2024.

                                                              Keith P. Ellison
                                                              United States District Judge