United States District Court
Southern District of Texas
**ENTERED**
October 15, 2024
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JANA JORDAN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-01276 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM & ORDER

Before the Court is Defendant's Motion for Reconsideration of the Court's April 1, 2024 Memorandum and Order. ECF No. 22. For the reasons that follow, the Court finds that the Motion should be **GRANTED IN PART** and **DENIED IN PART.**

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). However, a court retains the power to revise an interlocutory order before entering judgment adjudicating the parties' claims, rights, and liabilities. FED. R. CIV. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). "The discretion to modify an interlocutory order does not eliminate 'the policy reasons behind discouraging motions for reconsideration which rehash the same arguments or,

without justification, raise new arguments for the first time.'" *Caramba, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. CV H-19-1973, 2021 WL 259388, at *2 (S.D. Tex. Jan. 26, 2021) (quoting *DAC Surgical Partners P.A. v. United Healthcare Servs., Inc.*, 2017 WL 3484507, *2 (S.D. Tex. Aug. 14, 2017)). Accordingly, courts must exercise their "broad discretion under Rule 54(b) sparingly to prevent the unnecessary reexamination of interlocutory orders with the resulting burdens, including expense and delay." *Caramba*, 2021 WL 259388, at *2.

This case involves a first-party insurance dispute between Plaintiff Jana Jordan and Defendant State Farm Lloyds. Plaintiff initially brought claims for breach of contract, bad faith under the Texas Insurance Code, and violations of the Texas Prompt Payment of Claims Act ("TPPCA"). Defendant filed a Motion for Summary Judgment, arguing that its payment of the appraisal award and estimated statutory interest prevented Plaintiff from pursuing any of her claims. ECF No. 10. On April 1, 2024, the Court granted summary judgment on Plaintiff's breach of contract and bad faith claims and denied summary judgment on Plaintiff's TPPCA claim for interest and attorney's fees. ECF No. 19. The Court found that Defendant could not unilaterally settle Plaintiff's TPPCA claim, the appropriate interest under the TPPCA had not yet been adjudicated, and Plaintiff retained a claim for attorney's fees. *Id.*

Now Defendant files a Motion for Reconsideration of the Court's denial of summary judgment on the TPPCA claim for interest and attorney's fees. First, it argues that dismissal of the claim for attorney's fees is proper because recovery of attorney's fees is impossible under the plain language of Texas Insurance Code § 542A.007. Under the statute, the calculation of attorney's fees is pegged to "the judgment to the claimant for the claimant's claim under the insurance policy

for damage to or loss of covered property."[1] *Id.* Defendant argues that it has already paid the appraisal award, meaning there can be no "judgment to the claimant for the claimant's claim under the insurance policy for damage to or loss of covered property." Defendant further argues that, even if Plaintiff did receive a judgment for statutory interest, it would not qualify as a judgment under the insurance policy for damage to or loss of covered property. *See Rodriguez v. Safeco Ins. Co. of Indiana*, 684 S.W.3d 789, 794 (Tex. 2024) ("*Ortiz, w*hich issued the same day as *Barbara Tech,* clarified that full payment of an appraisal award does discharge the insurer's liability for a claim under the insurance policy.") In her response, Plaintiff does not challenge Defendant's argument on the availability of attorney's fees. The Court therefore reconsiders its prior ruling and finds that, based on the plain language of Texas Insurance Code § 542A.007, Defendant is entitled to summary judgment on Plaintiff's claim for attorney's fees. Since there can be no "judgment to the claimant for the claimant's claim under the insurance policy for damage to or loss of covered property" when Defendant has paid the appraisal award, Plaintiff cannot recover attorney's fees under the § 542A.007 formula.

Next, Defendant argues that dismissal of the claim for interest is proper because it has paid any interest potentially owed under TPPCA. However, this argument is the exact one that the Court carefully analyzed and rejected in its Memorandum & Order and in its previous decision in *Martinez v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:19-CV-2975, 2020 WL 6887753 (S.D. Tex. Nov. 20, 2020) (Ellison, J.). Defendant reiterates its previous arguments and states that *Martinez* is "inconsistent" with the decisions of Texas state and federal courts. Yet, Defendant does not

---

[1] This statute provides three methods for calculating attorney's fees. *See* Tex. Ins. Code § 542A.007(a). Of those, that which yields the lowest fee award applies. *Id.* Because Defendant argues that Plaintiff is entitled to no attorney's fees under the method of calculation set out here, the other two are omitted from the Court's analysis.

produce any new evidence or present an intervening change in controlling law, so the Court declines to reconsider its prior holding on interest.

Accordingly, Defendant's Motion for Reconsideration is GRANTED IN PART, on Plaintiff's claim for attorney's fees, and DENIED IN PART, on Plaintiff's claim for TPPCA interest.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 15th day of October, 2024.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE